# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| GLENN A. SOUTHERN, | DOCKET NUMBER |
| Appellant, | DC-0752-13-5270-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: November 24, 2015 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Glenn A. Southern</u>, Reston, Virginia, pro se.

<u>Jeffrey A. Epstein</u>, Esquire, and <u>John D. Norquist</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. For the reasons discussed below, we GRANT the petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2          The appellant is a GS-0340-15 Program Manager for the agency's Naval Sea Systems Command, Nuclear Propulsion Directorate, Regulatory Affairs Division, stationed in the Washington Navy Yard, Washington, D.C.  Initial Appeal File (IAF), Tab 4 at 8.  On May 28, 2013, the agency proposed to furlough the appellant for up to 88 hours between July 8 and September 23, 2013.  IAF, Tab 1 at 10-12.  After considering the appellant's written response, the agency issued a decision upholding the proposed furlough.  IAF, Tab 1 at 14-16, Tab 4 at 9-11.  The agency ultimately furloughed the appellant for a total of 48 hours.  IAF, Tab 4 at 4-6.

¶3          The appellant filed a Board appeal, arguing that his position was excepted from the furlough and that the furlough was taken without due process and was the product of harmful procedural error.  IAF, Tab 1 at 1-2, 6.  The administrative judge consolidated the appeal with furlough appeals filed by 12 other appellants.  IAF, Tab 1; *NAVSEA – Trautman I v. Department of the Navy*, MSPB Docket No. DC-0752-15-0260-I-1, Consolidated File (CF), Tab 1 at 2, 11.  The administrative judge issued an initial decision, finding that the furloughs were a reasonable management solution to an agency budget shortfall arising out of the sequestration mandated by 2 U.S.C. § 901a and that the agency effected the furloughs in a fair and even manner.  CF, Tab 10, Initial Decision (ID) at 12-14, 16-17.  The administrative judge further found that the agency had afforded the appellants due process and that none of them established harmful procedural error.  ID at 14-16.

¶4          The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response, PFR File, Tab 3, and the appellant has filed a reply,[2] PFR File, Tab 4.

---

[2] After the close of the record on review, the agency filed a motion for leave to file additional evidence and argument.  PFR File, Tab 6.  The appellant has filed an

<u>The appellant has a right to a hearing in this appeal.</u>

¶5　　　　We find that this appeal must be remanded to the regional office to afford the appellant an opportunity for a hearing.  It appears that the administrative judge grouped Naval Reactor furlough appeals into two consolidations—the instant consolidation, *Trautman I*, for employees who did not request a hearing, and a separate consolidation, *NAVSEA – Trautman II v. Department of the Navy*, MSPB Docket No. DC-0752-15-0261-I-1, for employees who did request a hearing.  CF, Tab 9 at 3.  It also appears that the administrative judge mistakenly grouped this appellant with the *Trautman I* consolidation.  Specifically, the appellant requested a hearing on his initial appeal form, and there is no indication in the record that he ever withdrew his request.  IAF, Tab 1 at 1.  In fact, shortly before the administrative judge issued her initial decision, the agency informed the administrative judge that the appellant still desired a hearing.  CF, Tab 9 at 3.

¶6　　　　We acknowledge that the agency advised the appellant that he could seek to have his appeal placed in the *Trautman II* consolidation, *id.*, but the appellant did not do so.  We also acknowledge that the appellant has not raised this issue on petition for review.  *See* 5 C.F.R. § 1201.115 (the Board normally will consider only issues raised in a timely filed petition or cross-petition for review).  Nevertheless, we are mindful of the appellant's pro se status and his statutory right to a hearing in this appeal, *see* 5 U.S.C. § 7701(a)(1), and we decline to issue a final decision without a hearing in the absence of an unequivocal and informed waiver of that right. *See Crispin v. Department of Commerce*, 732 F.2d 919, 922-24 (Fed. Cir. 1984) (holding that the Board may not grant summary judgment in light of the right to a hearing before the Board); *Campbell v. Department of Defense*, 102 M.S.P.R. 178, ¶ 5 (2006) (finding that an appellant may only waive his right to a hearing if the waiver is (1) clear, unequivocal, or

opposition to the agency's motion.  PFR File, Tab 8.  The agency's motion is DENIED. Both parties will have an opportunity to develop the record further on remand.

decisive; and (2) informed). Therefore, on remand, the administrative judge shall afford the appellant an opportunity to present evidence at a hearing.

<u>On remand, the administrative judge should reexamine whether the agency proved that the appellant's furlough was both for cause and promoted the efficiency of the service.</u>

¶7        It appears from the record thus far that, during the relevant time period, the agency employed 173 civilian Nuclear Propulsion employees at its headquarters, including the appellant. CF, Tab 6 at 8, 10. It also appears that, through an exchange of correspondence with an Assistant Secretary of the Navy, the Director of Naval Nuclear Propulsion was able to secure furlough exceptions for 106 of these employees—102 Nuclear Engineers, 1 Logistics Management Specialist, 1 Information Technology Specialist, 1 Health Physicist, and 1 Operations Manager—but not the appellant. *Id.* at 8, 11-12, 26, 41-54. It further appears that the deciding official relied on this list of 106 employees in making his decision on the appellant's proposed furlough. *Id*. at 9.

¶8        On petition for review, the appellant argues that he should have been excepted from the furlough because he was an emergency responder. PFR File, Tab 1 at 5-6. He also argues that the agency did not conduct the furlough in a fair and even manner. *Id*. at 5. However, the administrative judge found that the furlough promoted the efficiency of the service because it was a reasonable response to budgetary constraints faced by the Department of Defense as a whole, and the agency conducted the furlough in a fair and even manner, with exceptions only for limited categories of employees identified by objective criteria. ID at 12-13.

¶9        We find that the initial decision did not follow the framework set forth in *Dye v. Department of the Army*, 121 M.S.P.R. 142, ¶¶ 9-10 (2014), for determining whether the agency proved "cause" for the furlough action. Specifically, an agency may furlough an employee for 30 days or less "only for such cause as will promote the efficiency of the service." 5 U.S.C. §§ 7512(5),

7513(a). The concept of "cause" in the context of a furlough appeal encompasses whether the appellant met the criteria established by the agency for being subject to, and not excepted from, the furlough. *Dye*, 121 M.S.P.R. 142, ¶ 9. The agency has the burden of proof on this issue. *Id*., ¶¶ 9-10.

¶10    In the initial decision, the administrative judge analyzed the issue of whether the appellant fell within an exception to the furlough as relevant to the efficiency of the service. ID at 13. However, the efficiency of the service encompasses that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employee to furlough in a fair and even manner. *Dye*, 121 M.S.P.R. 142, ¶ 9. The issue of whether the appellant fell within an exception to the furlough goes to "cause." *Id*. We are unable to determine from the current record whether the agency met its burden on these issues. On the issue of cause, the appellant has not had an opportunity to elicit testimony from agency officials as to how and why the agency determined that he did not fall under an exception. On the efficiency of the service issue, the appellant has not had an opportunity to elicit testimony to support his contention that the agency arbitrarily excepted two other Program Mangers from the furlough. PFR File, Tab 1 at 7. On remand, the administrative judge should allow for further development of the record on these matters and issue a new initial decision following the *Dye* framework.

The remand initial decision should address whether due process was afforded to the appellant and, if so, whether the agency committed harmful error.

¶11    The appellant raised a due process or harmful error issue that the initial decision did not address. The appellant again argues on review that the agency violated 5 C.F.R. § 752.404(g)(1) by failing to disclose at the predecisional stage its rationale for selecting which employees to furlough.[3] PFR File, Tab 1 at 4-5;

---

[3] The appellant's filing below contained an incorrect regulatory citation (5 C.F.R. § 742.404, rather than 5 C.F.R. § 752.404), which in the context of this consolidated

IAF, Tab 7 at 4-5.  Section 752.404(g)(1) provides that, in arriving at its decision on a proposed adverse action, the agency will consider only the reasons specified in the proposal notice and the employee's reply.  Further, constitutional due process requires notice and an opportunity to respond to a proposed furlough.  *See Ronso v. Department of the Navy*, 122 M.S.P.R. 391, ¶ 13 (2015).  Thus, the appellant's argument that the agency violated this regulation must be analyzed as a claim that the agency violated his right to due process and, if it did not, as an affirmative defense of harmful error.  *See id.*, ¶¶ 13-14 (analyzing an argument that the appellant was denied an opportunity to respond to a proposed furlough action both as a due process and a harmful error claim); *see also Ward v. U.S. Postal Service*, 634 F.3d 1274, 1281-83 (Fed. Cir. 2011) (instructing the Board on remand that, even if it found a procedural error was not a constitutional due process violation, it must determine if the error was harmful, thus requiring reversal).  With regard to the former, we note that due process is a flexible concept, which is naturally more limited in the context of an agency-wide furlough than in other adverse action appeals.  *Gajdos v. Department of the Army*, 121 M.S.P.R. 361, ¶¶ 21-25 (2014); *see Rodgers v. Department of the Navy*, 122 M.S.P.R. 559, ¶¶ 6-9 (2015) (finding due process satisfied in the context of a furlough even though the deciding official was limited to applying existing categorical exceptions, absent further approval).

¶12      As explained above, it appears that the deciding official relied on a list of 106 Naval Reactor employees whom the agency determined should be excepted from the furlough, *supra* ¶ 7, but there is no indication that the appellant was privy to this list, much less the criteria that the agency used to develop it.  Although the agency provided the appellant with a copy of the exceptions listed in the Secretary of Defense's May 14, 2013 memorandum regarding furloughs, IAF, Tab 1 at 11; Department of the Navy Administrative Record for Fiscal Year

appeal may have caused his argument to escape the administrative judge's attention. IAF, Tab 7 at 4-5.

2013 Furlough Appeals (Administrative Record) at 108-17, *available at http://www.public.navy.mil/ donhr/Documents/supportingmaterial.pdf*, it is not clear to us that the memorandum contains an accurate reflection of the exception criteria actually applied to Naval Reactors staff. Instead, the memorandum suggests that all Naval Reactors staff, including the appellant, were to be excepted from the furlough.[4]

¶13    On remand, the administrative judge should determine whether the agency provided the appellant with due process, keeping in mind the agency's broad discretion in the context of a furlough and its interest in efficiently carrying out the furlough, as well as the relatively short period—6 days—that the appellant was in an unpaid status. *See Gajdos*, 121 M.S.P.R. 361, ¶¶ 18-25 (balancing the relevant factors for determining what process is due in a furlough action). If no due process violation occurred, the administrative judge should determine whether the deciding official committed harmful procedural error under 5 C.F.R. § 752.404(g)(1) by arriving at his decision through information not mentioned in the notice of proposed furlough. *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991) (holding that an appellant must prove that any procedural errors by the agency prejudiced his substantive rights by possibly affecting the agency's decision; harmful error cannot be presumed); *Parker v. Defense Logistics Agency*, 1 M.S.P.R. 505, 512-13 (1980) (holding that to prove that the agency committed harmful procedural error under 5 U.S.C. § 7701(c)(2)(A), the appellant must show both that the agency committed procedural error and that the error was harmful).

---

[4] The memorandum states that 1,657 "Shipyard Workers, Nuclear and Naval Reactor Staff" were to be excepted from the furlough. Administrative Record at 109-10. It is not clear to us what this number designates, viz., whether it is intended to encompass all Shipyard and Naval Reactor staff, or an unspecified subset of that staff.

**ORDER**

¶14     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.[5]


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.

---

[5] The appellant argues that the administrative judge was biased against him based on her case-related rulings. PFR File, Tab 1 at 6-7. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding will warrant a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002). We find that the appellant's allegations of bias do not rise to this level and that there is nothing to prevent this appeal from being assigned to the same administrative judge on remand.